## HAMMOND BUCKLE CO. *v.* HATHAWAY *et al.*

*(Circuit Court, D. Connecticut. January 16, 1892.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SHOE-BUCKLES.
    Letters patent No. 301,884, issued July 15, 1884, to Theodore E. King and Joseph Hammond, Jr., are for an improvement in shoe-buckles and similar articles, consisting in a tongue-plate composed of a single piece of metal doubled upon itself, and forked at its rear and next the catch-plate. The tongue swung in this bifurcation, its pivot being located underneath the tongue-plate. Indentations in the under-fold of the tongue partially embraced the ends of the pivot-pin, which was held between the two folds. The object of this construction was to cause the tongue-plate to extend rearward of the tongue, forming there a bearing surface for the catch-plate. The first claim was: "In combination, the catch-plate, the tongue, pivoted directly to the tongue-plate, and the tongue extending rearward of the pivot, and in contact with the catch-plate, when the parts are engaged." *Held*, that the patent was infringed by a buckle composed of two plates riveted together, the lower being provided with projections, in which the pivots of the tongue turn, and which fit into openings in the upper plate when the two lie together; and the upper, which is a spring-plate, being bifurcated, and extending on both sides of the tongue rearward, to afford a bearing surface for the catch-plate, though the lower plate has no extension.

2. SAME.
    The fact that the upper plate is a spring-plate, and similar in construction to the spring-plate of an older patent, (No. 191,758, also issued to King and Hammond,) does not prevent infringement, since, as combined with the under plate, it forms a tongue-plate substantially like that of the double plate of the patent.
    48 Fed. Rep. 305, affirmed.

On rehearing.

SHIPMAN, J. This is a petition by the defendants for a rehearing of so much of the above-entitled cause as relates to the infringement of the first claim of letters patent No. 301,884 by the manufacture of "Exhibit Weld Buckle D." The tongue-plate of the patented buckle consists of the double leaves of a single piece of metal folded upon itself. The under fold partially embraces the ends of the pivot-pin, which it holds between itself and the upper fold. When the tongue passes through the forks of the tongue plate, they are sprung apart, which causes a slight locking action. This latter peculiarity is the subject of the fourth claim of the patent, and does not exist in any of the defendants' buckles. Buckle D is composed of two plates superimposed upon and closely fastened to each other. The tongue does not crowd apart the forked extension of a tongue-plate, but the upper plate is a spring-plate, which is "pressed away from" the lower plate by a projection upon the middle part of the tongue. As was said in the former opinion, the upper plate "is bifurcated, and extends on both sides of the tongue rearward, to afford a bearing surface for the catch-plate, but the lower plate has no such extension beyond the tongue-pivot." The foundation of the defendants' argument against infringement is that the tongue-plate of buckle D is the lower plate, and that the upper plate is simply a spring-plate, and is the spring-plate of No. 191,758. If the tongue-plate is the lower plate alone, there is no infringement, because it does not extend rearwardly, so as to afford a support for the catch-plate, and the tongue is pivoted at a point slightly above its surface. While the tongue-plate

of the patent is a double-leaved plate, folded upon itself, this precise construction cannot be vital, but a double-leaved plate, securely fastened together, must be the same thing as a folded piece of metal. Neither can it be vital that the two leaves of the plate should both extend rearwardly of the pivot. The defendants do not rest upon these minor details of construction, but their point is that the upper plate is a substantial repetition of the spring-plate of No. 191,758, which was confessedly not a tongue-plate. To one end of the tongue-plate of 191,758 was attached a strip of spring-metal, having one end free, and manifestly detached from the tongue-plate. To the free end of this spring plate a tongue was hinged, and was, in this way, indirectly pivoted to the tongue-plate. The tongue bore or acted upon the tongue-plate by means of a lever end forming part of the tongue, and in the rear of its pivot. The spring-plate of buckle D is closely attached to the lower plate, and is a form of the double base plate, which is familiar in arctic buckles; but I do not think it material, if true, that, as a spring-plate, it is like the spring-plate of 191,758. It is, like other double plates of its class, also a tongue-plate. The fact that the upper plate is a spring-plate, and is like an older spring-plate, does not modify my opinion that the double plate of buckle D is the same thing as the double plate of No. 301,-884, and that its bifurcated extension is substantially the same thing as that shown in the patent, although the two leaves do not extend rearwardly together or in contact with each other. It is true that the spring action of buckle D is effected in a different way from that of the patent, and it is probable that it is effected in the way which had been previously indicated; but it seems to me that the principle of the first claim of No. 301,884 has been reproduced in buckle D in substantially the same way, and that the way in which spring action is obtained does not materially affect the question of infringement of the first claim. The petition is denied.